2  143
Case 2
c117 803

## HOPKINS et al. *v.* VAN WICKLE.

Defendant sold a tract of land on a credit, retaining a mortgage to secure the price. There was, at the time of the sale, a legal mortgage on the land, which was not mentioned in the act of sale. The land was subsequently sold under a *fi. fa.*, at the suit of a creditor of the first purchaser, and was re-sold by the purchaser at the sheriff's sale to the plaintiffs, who, as part of the price, paid defendant the balance due on the original purchase. In an action by plaintiffs against defendant, for damages, alleging their inability to sell the land in consequence of the legal mortgage, and charging him with fraud in concealing its existence from the first vendee, on an exception that plaintiffs shewed no cause of action: *Held* that, plaintiffs not being parties to the act of sale from defendant, the omission to mention the legal mortgage, caused them, of itself, no immediate damage, and that it is only those acts or omissions which, immediately and of themselves, cause damage to another, for which a party is responsible under arts. 2294, 2295, of the Civil Code.

Where a purchaser has paid the price, he has no recourse against his vendor until finally evicted, when he may call him in warranty. C. C. 2538.

A purchaser can acquire no greater right than his vendor possessed.

APPEAL from the District Court of Point Coupée, *Farrar*, J.
*Provosty*, for the appellants, cited Civil Code, arts. 2294, 2295, 2477, 2480, 2523, Troplong, Vente, nos. 437, 469, 497. Duranton, vol. 16, no. 264. Merlin, *verbo* Créancier. *Wilkins* v. *Bassett*, 5 Rob. 492. *Smith* v. *Wilson*, 11 Rob. 522. *Wilkins* v. *Bassett*, 12 Rob. 29.

*Cooley*, for the defendant. There is no privity of contract between the parties to this action. A purchaser, who has paid the price, has no right to have it restored before eviction, nor to security against eviction. Civ. Code, art. 2538. 17 La. 25.

The judgment of the court was pronounced by

HOPKINS
v.
VAN WICKLE.

Rost, J. In 1836, the defendant sold to one *Flécheux*, a tract of land for a price payable in four instalments, and retained a mortgage on the land to secure the payment of the price. In 1838, *A. Ledoux & Co.* and one *Morris*, judgment creditors of *Flécheux*, had the land sold under two executions, and it was adjudicated to one *Hamilton Hopkins*, who paid about eighty dollars, that sum being the surplus over the mortgage of the defendant. *Hamilton Hopkins* sold one-half of his land to his brother, *Henry Hopkins*, and afterwards, in 1841, they both sold to the plaintiffs. At the time the defendant sold to *Flécheux*, there was against him a legal mortgage on the land, which is not mentioned in the sale. The plaintiffs, alleging their inability to sell the land on account of this legal mortgage, which has not yet been erased, instituted this action, in 1844, charging the defendant with fraud in concealing it from *Flécheux*, and claiming from him five thousand dollars damages.

The defendant excepted to the petition, on the ground that the allegations therein contained did not make out a cause of action against him. The court below having sustained the exceptions and dismissed the petition, the plaintiffs appealed.

It is not pretended that the damages claimed are due in consequence of any breach of contract; but the plaintiffs contend that arts. 2294 and 2295 of the Civil Code, provide that every act of man that causes damage to another, obliges him, by whose fault it happened, to repair it, and that every man is responsible not only for the damage caused by his fraud, but also by his imprudence or negligence; and that as they have sustained, by the omission of the defendant to declare the existence of the legal mortgage, the damage alleged in their petition, he is bound to indemnify them.

The commentary of Toullier, upon which they rely in support of their position, is conclusive against them. "Those articles comprehend, says that author, all acts of man whatever, which cause, *immediately and by themselves*, damage to another." 11 Toull. no. 117. The omission to mention the legal mortgage in the sale to *Flécheux*, in 1836, did not, *immediately and by itself*, cause damage to the plaintiffs, who were not parties to the act, and acquired no interest in the land till 1841. The immediate cause of the damage, if any there be, was their own neglect, in failing to ascertain that the land was free from encumbrance before they purchased it.

It is said that there is no wrong without a remedy; but in this case no wrong has been shown. The mortgage complained of was inscribed in the proper office, and that inscription affected the plaintiffs and *Flécheux* with notice: no mention was made of it in the sale, because *Flécheux*, who is presumed to have been aware of its existence, dispensed the notary from producing the recorder's certificate. There was neither concealment nor fraud on the part of the defendant; and one of the grounds upon which the plaintiffs expect to recover is, *that they are not* in danger of eviction.

At the time of the purchase by the plaintiffs, a large portion of the price was still due by *Flécheux* to the defendant, which they assumed to pay, and have accordingly paid. If *Flécheux* himself had remained in possession and made the payment, he would not, under the allegations of the plaintiffs, be entitled to the restitution of the price, or even to security against eviction. Civil Code, art. 2538. 17 La. p. 25. As long as the purchaser, who has paid the price, is not finally evicted, the only right which the law gives him, is that of calling his vendor in warranty, when the case occurs. Troplong, de la Vente, no. 614.

The plaintiffs, who hold nothing more than the right and title of *Flícheux* Hopkins under a sheriff's sale anterior to their purchase, can have no greater rights than Van Wickle the law gives him. The plaintiffs' petition was properly dismissed.